**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-21982-BB/DSW**

**STEVY WORAH OZIMO,**

**Plaintiff,**

**v.**

**HON. LAURA SHEARON CRUZ, ET AL.,**

**Defendant.**

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Beth Bloom, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 10, 11, 12]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On March 25, 2026, Plaintiff Stevy Worah Ozimo ("Plaintiff") filed a pro se complaint against Defendants Honorable Laura Shearon Cruz, Vicky Ban, Joshua K. Friedman, Esq., and John/Jane Does 1–5 (Judicial Assistants). [ECF No. 1]. Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] on the same date. The Court denied the motion with prejudice and required Plaintiff to file the Long Form Affidavit. [ECF No. 5]. Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Motion") [ECF No. 6], as required.

On August 11, 2026, the Court entered an Order on Plaintiff's IFP Motion. [ECF No. 8]. The Court denied the IFP Motion and dismissed the Complaint without prejudice after screening it. [*Id.*]. The Court also gave Plaintiff until September 11, 2026, to file an amended complaint and an amended IFP Motion and explicitly put Plaintiff on notice that failure to comply with the Order may result in dismissal of the case. [*Id.*] As of the date of this Order, Plaintiff has filed neither an amended complaint nor an amended IFP motion.

When a plaintiff fails to comply with the Court's orders, as in this case when the Court gave Plaintiff the opportunity to file an amended complaint and a renewed IFP Motion, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to file an amended complaint and a renewed IFP Motion and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF No. 8]. Plaintiff has failed to comply with a Court Order, and his failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any

response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY RECOMMENDED** in Fort Lauderdale, Florida, this 17th day of September 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Stevy Worah Ozimo, Pro Se
100 NW Sixth Street
Miami, FL 33136