**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21982-BLOOM/Shaw-Wilder**

STEVY WORAH OZIMO,

Plaintiff,

v.

HON. LAURA SHEARON CRUZ, *et al.*,

Defendants.
_________________________________/

**ORDER ON REPORT AND RECOMMENDATION**
**TO DISMISS COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon Magistrate Judge Detra Shaw-Wilder's *sua sponte* review of the record. On March 25, 2026, Plaintiff Stevy Worah Ozimo ("Plaintiff") filed a *pro se* complaint against Defendants Honorable Laura Shearon Cruz, Vicky Ban, Joshua K. Friedman, Esq., and John/Jane Does 1–5 (Judicial Assistants), ("Complaint") ECF No. [1], and an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. [3]. Judge Shaw-Wilder denied the motion without prejudice and ordered Plaintiff to file the long form financial affidavit. ECF No. [5] at 2. Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Motion") as required. ECF No. [6].

On August 11, 2026, Judge Shaw-Wilder screened the Complaint pursuant to 28 U.S.C. § 1915(e). ECF No. [8]. Judge Shaw-Wilder found that (1) the Complaint must be dismissed as a shotgun pleading, (2) Plaintiff's claims against John/Jane Doe defendants are not permitted, and (3) Plaintiff's claim against Judge Cruz is barred by the doctrine of judicial immunity. *Id*. at 3-4. Judge Shaw-Wilder dismissed the Complaint without prejudice, denied the IFP Motion without prejudice, and ordered Plaintiff to file an Amended Complaint and re-file an IFP Motion by

September 11, 2026. *Id*. at 5 ¶¶ 1-3. Judge Shaw Wilder warned Plaintiff that "[f]ailure to comply with this Order may result in dismissal of this action." *Id*. at 5 ¶ 4.

On September 17, 2026, Judge Shaw-Wilder conducted a *sua sponte* review of the docket and found that Plaintiff had filed neither an Amended Complaint nor an amended IFP Motion. ECF No. [13] at 2. Accordingly, Judge Shaw-Wilder issued a report and recommendation ("R&R"), recommending that the case be dismissed without prejudice for failure to comply with the Court's Order. *Id.* at 2.[1] The R&R also advised the parties that "[w]ithin fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district." *Id.* (citing 28 U.S.C. § 636(b)(l)). The parties were further notified that "a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation." *Id.* at 3 (first citing 11th Cir. R. 3-1 (2016); then citing *Thomas v. Arn*, 474 U.S. 140 (1985)).

"If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error." *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp*., 170 F.3d 734, 739 (7th Cir. 1999)). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3); *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

Plaintiff filed a Response and Objections to Report and Recommendation to Dismiss. ECF No. [14]. Plaintiff argues that his failure to comply with the Court's Order was not willful,

[1] The matter was assigned to Magistrate Judge Shaw-Wilder pursuant to Administrative Order 2025-11. Because Judge Shaw-Wilder did not possess authority to issue a dispositive order in this case, she issued a Report and Recommendation instead.

deliberate, or in bad faith because he did not have notice of the Court's imposed deadlines. *Id.* at 1-2. However, a *pro se* litigant is responsible for following court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). And Plaintiff, like any other litigant, owes a "duty of diligence in the prosecution of their case including, in particular, a duty to regularly monitor the Court's docket to keep abreast of any events of record." *Mahan v. Suntrust Mortg., Inc.*, No. 5:14-CV-109-OC-10PRL, 2014 WL 12649870, at *2 (M.D. Fla. Nov. 17, 2014); *see also Forster v. Narain*, No. 11-CV-61073, 2020 WL 13536174, at *4 (S.D. Fla. July 7, 2020), *report and recommendation adopted*, No. 11-61073-CIV, 2020 WL 13536160 (S.D. Fla. Aug. 20, 2020), *aff'd*, 859 F. App'x 411 (11th Cir. 2021) ("[Plaintiff's] professed lack of awareness ignores an abecedarian rule of civil practice: parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them." (cleaned up)).

The Court has conducted a *de novo* review of Judge Shaw-Wilder's R&R, the record, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Shaw-Wilder's R&R to be well reasoned and correct. The Court therefore agrees with the analysis and concludes that the case is dismissed without prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [13]**, is **ADOPTED**.
2. Plaintiff's Objections, **ECF No. [14]**, are **OVERRULED**.
3. This case is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.
5. To the extent not otherwise disposed of, any scheduled hearings are

**CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Stevy Worah Ozimo, *Pro Se*
100 NW Sixth Street
Miami, FL 33136
332-233-8485
Email: stevywogs@gmail.com